Dismissed and Memorandum Opinion filed July 3, 2007








Dismissed
and Memorandum Opinion filed July 3, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00478-CR

____________

 

JERRY STEPHEN BOBINJER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
174th District Court

Harris County, Texas

Trial Court Cause No. 1104423

 



 

M E M O R A N D U M   O P I N I O N

Appellant
entered a guilty plea to felony driving while intoxicated.  In accordance with
the terms of a plea bargain agreement with the State, the trial court sentenced
appellant on May 4, 2007, to confinement for eleven years in the Institutional
Division of the Texas Department of Criminal Justice.  Appellant filed a pro se
notice of appeal.  We dismiss the appeal.  








Appellant=s notice of appeal was not file
stamped until June 6, 2007, more than 30 days after sentence was imposed.  A
defendant=s notice of appeal must be filed within thirty days after sentence is
imposed when the defendant has not filed a motion for new trial.  See Tex. R. App. P. 26.2(a)(1).  Although
appellant=s cover letter is dated May 30, 2007, the envelope bears a post mark of
June 5, 2007.  To be timely, the notice of appeal must have been deposited in
the mail by June 4, 2007.  See Tex.
R. App. P. 4.1, 9.2(b) & 26.2.(a).  A notice of appeal that complies
with the requirements of Rule 26 is essential to vest the court of appeals with
jurisdiction.  Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App.
1998).  If an appeal is not timely perfected, a court of appeals does not
obtain jurisdiction to address the merits of the appeal.  Under those
circumstances it can take no action other than to dismiss the appeal.  Id.

In
addition, the trial court entered a certification of the defendant=s right to appeal in which the court
certified that this is a plea bargain case, and the defendant has no right of
appeal.  See Tex. R. App. P. 25.2(a)(2). 
The trial court=s certification is included in the record on appeal.  See
Tex. R. App. P. 25.2(d).  The
record supports the trial court=s certification.  See Dears v. State, 154 S.W.3d 610,
615 (Tex. Crim. App. 2005).

Accordingly,
we dismiss the appeal.  

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed July 3,
2007.

Panel consists of Chief Justice Hedges and Justices
Hudson and Guzman. 

Do Not Publish C Tex. R. App. P.
47.2(b)